UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Irvin Jefferson Wilson, | ) C/A No. 4:11-02837-DCN-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) for Partial Summary Dismissal |
| William Byras, Director SCDC; | ) |
| Monica Wallace, Classification SCDC; | ) |
| B. Lewis, Case Worker SCDC; | ) |
| C. Thompson, Grievance Co-Ord SCDC, | ) |
| | ) |
| Defendants. | ) |

Irvin Jefferson Wilson, (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted as to Defendant C. Thompson. Service of the Complaint is directed for Defendants William Byras[2], Monica Wallace, and B. Lewis in an Order to be filed contemporaneously with this Report and Recommendation.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] William R. Byars, Jr., is the Director of the South Carolina Department of Corrections.

§ 1915A; the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996); and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). As the Plaintiff is a *pro se* litigant, his pleadings are accorded liberal construction. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Even under this less stringent standard, however, the undersigned finds and concludes that the *pro se* Complaint is still subject to summary dismissal as to Defendant Thompson. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## Background

Plaintiff entered a guilty plea to the offense of autobreaking in September of 2007, and was sentenced to five (5) years suspended on time served and five (5) years probation. ECF No. 1, page 3. Plaintiff was arrested on January 8, 2008, for assault and battery of a high and aggravated nature (ABHAN). *Id.* at 7. After this arrest, Plaintiff was issued a warrant for violation of probation. *Id.* Plaintiff's probation was revoked on February 8, 2008, and he received a two (2) year sentence for the autobreaking offense. *Id.* On June 10, 2009, Plaintiff was sentenced to ten (10) years, suspended upon the service of seven (7) years incarceration and two (2) years of probation, for the ABHAN

offense. *Id.* Plaintiff claims that he "maxed out" his autobreaking sentence on December 18, 2008. *Id.* SCDC's online records indicate Plaintiff is still incarcerated for the ABHAN conviction.[3]

The Complaint alleges that Defendant Monica Wallace denied Plaintiff pre-trial credit toward his autobreaking sentence for two hundred forty-four (244) days spent at the Greenville County Detention Center. *Id.* at 4. Plaintiff further alleges that Defendant Wallace "denied Plaintiff his legitimate classification," and unlawfully altered Plaintiff's autobreaking commitment documents, resulting in a restricted parole eligibility date. *Id.* at 4-6. Defendant B. Lewis is named for denying Plaintiff credit for pre-trial incarceration, imposing the unlawful enhancement for Plaintiff's autobreaking sentence, and prejudicing Plaintiff's institutional classification. *Id.* at 4, 6. Defendant William Byras allegedly denied "Plaintiff eight (8) months jail-time" credit, failed "to assure Plaintiff classification status were not infringed upon," and "denied Plaintiff a Parole date." *Id.* at 5. The Complaint further alleges that Plaintiff has been denied credit toward his current ABHAN sentence by Defendants Byras and Wallace. *Id.* at 7. Defendant Thompson is named for denying "process of [Plaintiff's] grievance" regarding these matters. *Id.* at 6. Plaintiff seeks monetary damages for the Defendants' actions. *Id.* at 8.

Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271(1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right

---

[3] *See* South Carolina Department of Corrections, https://sword.doc.state.sc.us/scdc-public/ (last visited November 8, 2011).

under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707. To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff alleges a violation of his right to due process by the following Defendants: William Byras, Director of the South Carolina Department of Corrections; Monica Wallace, Classification Staff for the South Carolina Department of Corrections; B. Lewis, Caseworker for the South Carolina Department of Corrections; and C. Thompson, Grievance Coordinator for the South Carolina Department of Corrections. Specifically, Plaintiff alleges constitutional violations resulting from improper: (1) processing of an institutional grievance; (2) institutional classification; (3) denial of a parole date; (4) denial of earned incarceration credits toward Plaintiff's current ABHAN conviction; and (5) denial of jail-time credit for an expired autobreaking conviction.

As an initial matter, Defendant Thompson is entitled to summary dismissal from this case, because Plaintiff has no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248 at *2 (4th Cir. March 17, 2011). *See also Blagman v. White*, 112 F. Supp. 2d 534, 542 (E.D. Va. 2000)(inmate has no constitutional entitlement to grievance procedure); *Ashann-Ra v. Commonwealth of Virginia*, 112 F. Supp. 2d 559, 569 (W.D. Va. 2000)("[A] prison official's failure to comply with the state's grievance procedure is not actionable under § 1983."). The Complaint's sole allegation against Defendant Thompson involves this Defendant's failure to properly process Plaintiff's institutional

grievance. ECF No. 1, page 6. As Plaintiff's only claim against Defendant Thompson is not cognizable under 42 U.S.C. § 1983, this Defendant should be summarily dismissed from the action.

Next, Plaintiff alleges that he has been improperly classified by Defendants Byras, Wallace, and Lewis. ECF No. 1, pages 5-6. However, the Constitution vests no liberty interest in inmates retaining or receiving any particular security or custody status as long as the conditions or degree of confinement is within the sentence imposed. *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994). Further, cases previously decided in this judicial district make it clear that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections (SCDC) from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See*, *e.g.*, *Keeler v. Pea*, 782 F. Supp. 42, 43-44, (D.S.C. 1992), (*citing Meachum v. Fano*, 427 U.S. 215 (1976)). *See also Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978); *Brown v. Evatt*, 470 S.E.2d 848 (S.C. 1996)(South Carolina Supreme Court held that neither state statutes creating/defining SCDC's powers nor SCDC's operational classification regulations created a liberty interest in security or custody classifications). As Plaintiff has no protected liberty interest in retaining or receiving any particular custody classification, the Complaint's claims against Defendants Byras, Wallace, and Lewis for allegedly subjecting Plaintiff to an improper classification are subject to summary dismissal.

Plaintiff also complains that he has been denied a parole date by Defendant Byras and that Plaintiff's parole eligibility has been restricted by Defendant Wallace. In *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), the Supreme Court held that an inmate has no constitutional right to parole. Furthermore, in South Carolina "[p]arole is a privilege, not a right." *Cooper v. S.C. Dep't of Probation, Parole and Pardon Servs.*, 661 S.E.2d 106, 110 (S.C.

2008)(citation omitted).  The Fourth Circuit Court of Appeals has additionally cautioned that a federal court must not involve itself in the merits of either the state's parole statute or its individual parole decisions,  *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996), and has stated that, "[e]ven if a parole statute creates a liberty interest, an inmate is entitled to only minimal procedure - at most, a statement of reasons for the denial of parole."  *Poore v. Underwood*, No. 00-7036, 2001 WL 117505 at **1 (4th Cir. Feb. 12, 2001)(citing *Vann*, 73 F.3d at 522).  In the instant Complaint, Plaintiff  alleges that the actions of  Defendants Byras and Wallace have implicated his ability to seek parole.  However,  Plaintiff has no constitutionally protected right to parole.  Further, "[p]arole eligibility falls within the province of the Board," *Slezak v. Glover,* C/A No. 4:06-1122-RBH, 2008 WL 4308144 at *7 (D.S.C. Sept. 15, 2008), and the Complaint provides no facts to demonstrate an actual denial of parole by the Parole Board, or any due process violation associated therewith.  As the Complaint fails to state a cognizable due process claim under § 1983 against Defendants Byras and Wallace for denial of a parole date,  this claim is subject to summary dismissal.

The Complaint further alleges that Defendants Byras and Wallace denied Plaintiff "earned incarceration credit" toward his current ABHAN sentence. ECF No. 1, page 7. The Supreme Court, in *Heck v. Humphrey*, 512 U.S. 477 (1994), determined that where an action would necessarily implicate the validity of a conviction, a prisoner may not pursue a damages claim under § 1983, unless he can also demonstrate that the conviction or sentence has already been invalidated.  As set forth in *Muhammad v. Close*, 540 U.S. 749, 751 (2004), "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or *duration of sentence*, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence. *Id.* (emphasis added).  Therefore,

6

Plaintiff's claim against Defendants Byras and Wallace for improper denial of credit toward Plaintiff's ABHAN sentence is barred by *Heck's* favorable termination requirement and subject to summary dismissal.

Finally, Plaintiff claims that Defendants Byras, Wallace, and Lewis have denied pre-trial jail credit toward Plaintiff's autobreaking conviction. ECF No. 1, page 4. In *Wilson v. Johnson*, 535 F.3d 262, 268 (4th Cir. 2008), the Fourth Circuit Court of Appeals held that *Heck* does not bar a § 1983 claim for damages if a prisoner has completed his sentence and can no longer pursue habeas relief for that conviction. Plaintiff claims that this autobreaking conviction expired on December 18, 2008. ECF No. 1, page 5. Construing the facts in the light most favorable to Plaintiff, he has completed the sentence relating to his autobreaking conviction and is restricted from seeking habeas relief. Therefore, his claim for denial of credits associated with the allegedly expired autobreaking conviction is not subject to summary dismissal. Thus, an Order directing service of the Complaint on Defendants Byras, Wallace, and Lewis shall be filed with this Report and Recommendation.

Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case as to Defendant C. Thompson *without prejudice* and without issuance and service of process for this Defendant. Also, it is recommended that all claims against the remaining Defendants be dismissed without prejudice and without issuance and service of process, except that process should be issued for Defendants Byras, Wallace and Lewis on the sole claim for denial of credits associated with the autobreaking conviction. Plaintiff's attention is directed to the important notice on the next page.

|  |  |
|---|---|
| January 9, 2012 | s/Thomas E. Rogers, III |
|  | Thomas E. Rogers, III. |
| Florence, South Carolina | United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).