UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Irvin Jefferson Wilson, | ) C/A No. 4:11-02837-MGL-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Report and Recommendation |
| | ) |
| William Byras, Director SCDC; | ) |
| Monica Wallace, Classification SCDC; | ) |
| B. Lewis, Case Worker SCDC; | ) |
| C. Thompson, Grievance Co-Ord SCDC,[1] | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

Irvin Jefferson Wilson, (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C.

§ 1983.[2] At all times relevant to the allegations in the complaint, Plaintiff was an inmate housed

within a facility of the South Carolina Department of Corrections (SCDC). Plaintiff is no longer

housed within the SCDC. (See change of address form, doc. #45).


**BACKGROUND**

In the complaint, Plaintiff alleges that he entered a guilty plea to the offense of autobreaking

in September of 2007, and was sentenced to five (5) years suspended on time served and "five (5)

years probation." (Complaint, p. 3). Plaintiff asserts that he was re-arrested on January 8, 2008, on

_____

[1] Defendant Thompson was dismissed from this action by court order of July 25, 2012. All claims against the defendants were dismissed except for the sole claim for denial of credits associated with Plaintiff's auto breaking conviction as to Defendants Byras Wallace, and Lewis. (Doc. # 61).

[2] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

another warrant for assault and battery of a high and aggravated nature (ABHAN). Id. at 7. After

being re-arrested, Plaintiff was issued a warrant for violation of probation. Id. Plaintiff's probation

was revoked on February 8, 2008, and he received a two (2) year sentence for the autobreaking

offense. Id. On June 10, 2009, Plaintiff was sentenced to ten (10) years, suspended upon the service

of seven (7) years incarceration and two (2) years of probation, for the ABHAN offense. (Plaintiff's

Exhibit #7). Plaintiff claims that he "maxed out" his autobreaking sentence on December 18, 2008.

(Complaint, p. 7).


## DISCUSSION/ANALYSIS

The only allegation in the complaint that is remaining for the court to consider is Plaintiff's

allegation that he was denied credits associated with his auto breaking conviction. Specifically,

Plaintiff claims that Defendants Byras, Wallace, and Lewis denied Plaintiff "244 days jail-time, in

violation of state Statue Code 24-13-40." (Complaint, p. 4). In Wilson v. Johnson, 535 F.3d 262,

268 (4th Cir. 2008), the Fourth Circuit Court of Appeals held that Heck v. Humphrey, 512 U.S. 477,

114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), does not bar a § 1983 claim for damages if a prisoner has

completed his sentence and can no longer pursue habeas relief for that conviction. Plaintiff claims

that this autobreaking conviction expired on December 18, 2008. (Complaint, p.5). Construing the

facts in the light most favorable to Plaintiff, success on his § 1983 claim would not necessarily

impugn his underlying sentence, if it has been completed.

Defendants filed a motion for summary judgment asserting that the incarceration was

correctly computed, and they are not liable for any loss resulting from execution, enforcement or

implementation of the orders of any court or execution, enforcement or lawful implementation of any process. Defendants further assert that they are not liable for a loss resulting from confinement or custody of any prisoner except when that duty is exercised in a grossly negligent manner. S.C. 15-78-60(25). Defendants contend that any action taken by SCDC employees was taken in response to a court order and, thus, liability does not attach as complying with a court order could hardly be described as grossly negligent.

Defendants submitted the affidavit of Michael J. Stobbe who attests that he is employed by the SCDC as Branch Chief of records Management and Release. (Stobbe affidavit, doc.#40-2). Stobbe reviewed the SCDC records for Plaintiff which included sentencing sheets, Jail Time Reports for SCDC transfer, indictments, commitment application information, release date, discharge and transfer history, date certification, maxout/pre-release screening application, and a PCR Order of Dismissal. (Id.). In a separate and earlier charge for indictment #2007-GS-23-2673 dated February 8, 2008, Plaintiff was charged with violating the conditions of his probation and was ordered to serve two years, the remainder of his original sentence. (Id.). Plaintiff was given credit for time served; 244 days. (Id.). Stobbe asserts that Plaintiff's total sentence was 5 years minus 244 days which equaled 4 years, 121 days. (Id.).

Plaintiff submitted a copy of the sentence sheet for indictment/case # 2007-GS-23-2673, A/W#: 1819666 which reveals he pleaded guilty to autobreaking as indicted and was sentenced to the State Department of Corrections for a term of five years and "upon time served the balance is suspended with probation for 18 months." The sentencing judge checked the box which stated that "The defendant is to be given credit for time served (244 days was written in) pursuant to S.C. Code

24-13-40[3] to be calculated and applied by the State Department of Corrections." (Plaintiff's Exhibit #3). It was also noted on the sentencing sheet that "Prob. Begins today." (Id.).

It is undisputed that Plaintiff was sentenced for the probation violation on February 8, 2008, and sentenced to two years. The record does not disclose that any credits were applicable to this probation revocation sentence while Plaintiff presents his own conclusory statement that he "maxed out" this two years on December 18, 2008. There is nothing in the record to support this assertion. The parties agree he was sentenced to two years on February 8, 2008, and the records shows he was later sentenced on June 10, 2009, for seven years for another offense. Thus, Plaintiff fails to create an issue of fact as to an "incorrect" sentencing calculation.

Even assuming for the sake of argument that additional jail credit to his sentence was due, the Plaintiff has failed to show a violation of his federal constitutional rights, failed to show any

---

[3] This statute provides:

> The computation of the time served by prisoners under sentences imposed by the courts of this State shall be reckoned from the date of the imposition of the sentence. But when (a) a prisoner shall have given notice of intention to appeal, (b) the commencement of the service of the sentence follows the revocation of probation or (c) the court shall have designated a specific time for the commencement of the service of the sentence, the computation of the time served shall be reckoned from the date of the commencement of the service of the sentence. In every case in computing the time served by a prisoner, full credit against the sentence shall be given for time served prior to trial and sentencing. Provided, however, that credit for time served prior to trial and sentencing shall not be given: (1) when the prisoner at the time he was imprisoned prior to trial was an escapee from another penal institution; or (2) when the prisoner is serving a sentence for one offense and is awaiting trial and sentence for a second offense in which case he shall not receive credit for time served prior to trial in a reduction of his sentence for the second offense.

conduct by the Defendants rose above the level of negligence under the due process clause. See

Golson v. Department of Corrections, 914 F.2d 1491 (4th Cir.1990) (To recover under the due

process clause, a plaintiff must establish that defendants acted with something more than mere

negligence);[4] See also Daniels v. Williams, 474 U.S. 327, 345-48, 106 S.Ct. 662, 88 L.Ed.2d 662

(1986); Ruefly v. Landon, 825 F.2d 792, 798-94 (4th Cir.1987); and Pink v. Lester, 52 F.3d 73, 78

(4th Cir.1995)(Negligence, in general, is not actionable under 42 U.S.C. § 1983).


## STATE LAW CLAIMS

Plaintiff may be attempting to assert claims under South Carolina law for false imprisonment,

abuse of process, and/or a violation of S.C. Code Ann. 24-13-40. As Plaintiff fails to show that

Defendants violated his rights under 1983, only his state law claims would remain. Specifically, this

Court can decline to continue the action as to the pendent claims if "the district court has dismissed

all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).Thus, it is also recommended

that any remaining state law claims be dismissed.

---

[4] Similarly, to prevail under an Eighth Amendment theory, a plaintiff must demonstrate that defendants acted with deliberate indifference. See Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir.1989); Haygood v. Younger, 769 F.2d 1350, 1355 (9th Cir.1985) (en banc), *cert. denied*, 478 U.S. 1020, 106 S.Ct. 3333, 92 L.Ed.2d 739 (1986). Deliberate indifference is shown when a prison official acts or fails to act despite knowledge of a substantial risk of serious harm to an inmate. See Farmer v. Brennan, 511 U.S. 825, 834 and 842, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Plaintiff has not shown that Defendants were deliberately indifferent.

## CONCLUSION

Based on the foregoing, it is RECOMMENDED that Defendants' motion for summary judgment (doc. #40) be GRANTED and this action dismissed with prejudice.


s/Thomas E. Rogers, III
October 22, 2012                                          Thomas E. Rogers, III.
Florence, South Carolina                          United States Magistrate Judge


**The parties' attention is directed to the important information on the attached notice.**