## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## FLORENCE DIVISION

| | |
|---|---|
| Irvin Jefferson Wilson,  )  | Civil Action No.: 4:11-02837-MGL |
|   ) | |
| Plaintiff,  ) | |
|   ) | |
| v.   ) | **ORDER AND OPINION** |
|   ) | |
| William Byras, Director SCDC; Monica ) | |
| Wallace, Classification SCDC; B. Lewis, Case ) | |
| Worker SCDC; C. Thomspon, Grievance, Co- ) | |
| Ord SCDC,  ) | |
|   ) | |
| Defendants.  ) | |
|   ) | |

Irvin Jefferson Wilson ("Plaintiff"), a federal prisoner, proceeding *pro se* filed this action pursuant to 42 U.S.C. § 1983 alleging in relevant part that he was denied credits associated with his auto breaking conviction. Pursuant to this court's order dated July 25, 2012, all claims against Defendants were dismissed except for the claim for denial of credits. (ECF No. 61.) At all times relevant to the allegations raised in the Complaint, Plaintiff was an inmate housed within a South Carolina Department of Corrections ("SCDC") facility. Plaintiff is no longer housed at an SCDC facility. (ECF No. 45.) On June 25, 2012, Defendants filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure on the basis that there is no genuine issue of material fact for trial. (ECF No. 40.) More specifically, Defendants maintain that Plaintiff's incarceration time was correctly computed with all credits given for previous incarceration and classification, therefore he suffered no damages. (ECF No. 40–1 at 3.) Defendants deny liability for any loss resulting from the execution, enforcement or implementation of any process or orders of any court. (ECF No. 40–1 at 3.) Defendants also deny liability for failure to comply with any

laws or liability for a loss resulting from confinement or custody arguing that Defendants' conduct in complying with the order of a South Carolina court is not grossly negligent. (ECF No. 40-1 at 3.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Thomas F. Rogers, III, for pretrial handling. On October 22, 2012, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendants' Motion for Summary Judgment (ECF No. 40) be granted and that this court decline to continue this action as to Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367(c). (ECF No. 70 at 5-6.) The Report sets forth in detail the relevant facts and standard of law on this matter which the court incorporates herein without recitation. The Magistrate Judge only makes a recommendation to the court. The recommendation has no presumptive weight, and the Court retains the responsibility for making a final determination. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). This court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

Plaintiff filed objections to the Report on October 29, 2012. (ECF No. 72.) First, Plaintiff objects to the denial of his 244 days of credit for time served and reasserts the arguments made in his Complaint as his basis for objecting to the Defendants' denial of his constitutional rights. (ECF No. 72 at 10.) Plaintiff also objects to portions of the affidavit of Michael J. Stobbe filed in conjunction with Defendant's Motion for Summary Judgment. (ECF No. 72 at 11-13.) Plaintiff also objects to all allegations made by the defense attorney. (ECF No. 72 at 14.) Finally, Plaintiff objects

to the Report and Recommendation in its entirety. (ECF No. 72 at 15.)  As an initial matter, a party's general objections are not sufficient to challenge a magistrate judge's findings.  *See Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 316 (4th Cir. 2005)(finding that a "specific written objection" is required to invoke de novo review by the district court)*;Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir.1991); *Ford v. Reynolds*, No. 3:11-67, 2011 WL 2581397, * 2 (D.S.C. 2011).  Therefore, Plaintiff's general objection is overruled. The court finds that Plaintiff's other objections are non-specific, not directed to any dispositive portion of the Magistrate Judge's Report, and consist of a reassertion of the arguments made in his complaint and brief in opposition to Defendant's Motion for Summary Judgment.

Even reading these objections liberally in an effort to find a specific challenge to the Magistrate Judge's Report, the court does not find that Plaintiff has stated anything that would make this court find any error in the Magistrate Judge's analysis.  Plaintiff's core allegation is that Defendants violated his constitutional rights by failing to credit him with 244 days of jail time in violation of S.C. Code Ann. § 24-13-40.  (ECF No. 1 at 4.)  More to the point, in his objections, Plaintiff appears to take issue with the fact that "244 days was not added against [indictment] # 819666 reducing a two year [probation revocation] sentence." (ECF No. 72 at 13.)  However, as the Magistrate Judge correctly noted, nothing in the record suggests that any credits were applicable to the two year probation revocation sentence.  (ECF No. 70 at 4.)  To the contrary, the sentencing sheet for indictment/case # 2007-GS-23-2673, A/W#: 1819666 reveals that Plaintiff was sentenced to
the State Department of Corrections for a term of five years and "upon time served the balance is suspended with probation for 18 months."  (ECF No. 1-1 at 2.)  Further, the sentencing judge

directed that Irvin Wilson be given credit for time served and wrote in the credit amount to equate to 244 days. (ECF No. 1-1 at 2.) The referenced credits were properly applied to the five year term.

The Magistrate Judge opined that even if, for the sake of argument, Plaintiff was due an additional jail credit to his sentence, Plaintiff failed to show that his federal constitutional rights were violated or that any conduct by Defendants rose above the level of negligence under the due process clause. (ECF No. 70 at 4-5). *See Golson v. Dep't of Corrections*, 914 F.2d 1491 (4th Cir.1990) (To recover under the due process clause, a plaintiff must establish that defendants acted with something more than mere negligence). To the extent that Plaintiff alleges that Defendants violated SCDC policies, such actions do not state an actionable § 1983 claim. Thus, Plaintiff's objections are without merit. To the extent Plaintiff asserts claims under South Carolina law for false imprisonment, abuse of process, and/or a violation of S.C. Code Ann. § 24-13-40, the Magistrate Judge recommends that such state law claims should be dismissed. 28 U.S.C. § 1367(c)(3). The court agrees with the recommendation.

After a thorough review of the Magistrate Judge's Report, Plaintiff's Objections and the record in this case, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. Accordingly, Defendants' Motion for Summary Judgment (ECF No. 40) is GRANTED and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
January 14, 2013